**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 12-CV-20870-SEITZ/SIMONTON**

| | |
|---|---|
| PAULINE MERL, SCOTT MERL, and RICHARD J. OVERTON, on behalf of themselves and those similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| WARNER BROS. ENTERTAINMENT INC., NEW LINE CINEMA LLC, SONY PICTURES HOME ENTERTAINMENT INC., UNIVERSAL CITY STUDIOS LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, BRANDSMART USA OF FLORIDA, INC., BEST BUY STORES, L.P., and TARGET CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**STUDIO DEFENDANTS' REQUEST FOR JUDICIAL**
**NOTICE IN SUPPORT OF MOTION TO DISMISS [D.E. 22] AND**
**MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS [D.E. 23]**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Warner Bros. Entertainment Inc., New Line Cinema LLC, Sony Pictures Home Entertainment Inc., Universal City Studios LLC, and Universal Studios Home Entertainment LLC (collectively, the "Studio Defendants"), respectfully request that the Court take judicial notice of the following exhibits:

1. A true copy of the First Amended Complaint in *Cooper v. Twentieth Century Fox Home Entm't, LLC*, No. CV-11-8807 R PJWX (C.D. Cal. Dec. 9, 2011), attached hereto as Exhibit A.

2. A true copy of the Blu-ray disc movie package product packaging for the title *Get Him to the Greek* purportedly purchased by Plaintiff Pauline Merl, including (i) the front of the

outer sleeve, (ii) the front of the packaging, (iii) the back of the packaging, and (iv) the insert card, attached as Exhibit 1 to the concurrently filed Declaration of Pamela Blum ("Blum Decl."). The Blum Decl. is attached hereto as Exhibit B.

3. A true copy of the Blu-ray disc movie package product packaging for the title *Wanted* purportedly purchased by Plaintiff Overton, including (i) the front of the packaging, (ii) the back of the packaging, and (iii) the insert card, attached as Exhibit 2 to the concurrently filed Blum Decl.

4. A true copy of the DVD movie package product packaging for the title *Sex and the City the* Movie, purportedly purchased by Plaintiff Pauline, including (i) the front, (ii) the back, (iii) the front and interior of the fold-out sticker on the packaging, and (iv) the insert card, attached as Exhibit 1 to the concurrently filed Declaration of Jennifer Jones ("Jones Decl."). The Jones Decl. is attached hereto as Exhibit C.

5. A true copy of the Blu-ray disc movie package product packaging art work utilized to print the actual product packaging shipped to retailers for the title *The Hangover*, which title was purportedly purchased by Plaintiff Overton, including (i) the front and back of the "o sleeve" outer packaging, (ii) the front and back of the Blu-ray packaging under the "o sleeve", and (iii) the insert card. This document is attached as Exhibit 2 to the Jones Decl.

6. A true copy of the DVD movie package product packaging art work utilized to print the actual product packaging shipped to retailers for the title *The Hangover*, which title was purportedly purchased by Plaintiffs Pauline and Scott Merl, including (i) the front and back of the packaging, (ii) the insert card, and (iii) the sticker on the packaging. This document is attached as Exhibit 3 to the Jones Decl.

7. A true copy of the Blu-ray disc movie package product packaging for the title *District 9* purportedly purchased by Plaintiff Overton, including (i) the front of the packaging, (ii) the back of the packaging, and (iii) the insert card shipped to retailers, attached as Exhibit 1 to the concurrently filed Declaration of Steve Belmont, which is attached hereto as Exhibit D.

8. A true copy of a letter from Barry L. Davis, Esq., Thornton, Davis & Fein, P.A., dated February 29, 2012, purporting to provide notice pursuant to California law, a copy of which is attached hereto as Exhibit E.

## MEMORANDUM OF LAW

**A.     Courts May Look to Judicially-Noticed Matters in Considering a Motion to Dismiss.**

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if its "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

When considering a motion to dismiss, a court may look to matters judicially noticed. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). In doing so, the court is not required to convert a motion to dismiss into a motion for summary judgment. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for

summary judgment."); *Makro Capital of Am., Inc. v. UBS AG*, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005) (same).

B.  **Filings from Other Jurisdictions May be Judicially Noticed to Establish the Existence of Such Litigation and Related Filings.**

Pleadings, court orders and related filings from other proceedings are judicial acts and records, the existence of which is not subject to dispute. See Fed. R. Evid. 201(b). It is well-established that a court may take judicial notice of such documents, not for the truth of the matters asserted therein, but rather to establish the existence of such litigation and related filings. *See Najjar v. Ashcroft*, 257 F. 3d 1262, 1283 (11th Cir. 2001) (taking judicial notice of the fact that related judicial proceedings occurred and the subject matter thereof); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (same). In applying this rule, courts in the Eleventh Circuit have taken judicial notice of complaints filed in other jurisdictions. *See, e.g., Universal Express, Inc. v. SEC*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006) (trial court properly took judicial notice of a complaint filed in another federal district court). Accordingly, the Court may take judicial notice of the First Amended Complaint filed in *Cooper v. Twentieth Century Fox Home Entm't, LLC*, No. CV-11-8807 R PJWX (C.D. Cal. Dec. 9, 2011).

C.  **It is Appropriate to Take Judicial Notice of Documents that are Referred to in Plaintiffs' First Amended Complaint and Central to Plaintiffs' Claims.**

In the First Amended Complaint ("FAC"), the Plaintiffs refer to--and base each of their claims upon--the disclosures (or alleged lack thereof) on the product packaging of several DVD and Blu-Ray movie packages. (FAC ¶¶ 37-43.) However, in doing so, Plaintiffs have not presented to the Court complete copies of these movie packages. Rather, Plaintiffs include images of select portions of the product packaging. (*Id.*)

Because the content of the product packaging of these movie packages is a core issue in this case, and referenced by the Plaintiffs in the FAC, it is appropriate for the Court to take

4

judicial notice of the product packaging for each movie package in its entirety. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (In consideration of a motion to dismiss, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."); *King v. MovieTickets.com, Inc.*, 555 F.Supp.2d 1339, 1341 n.2 (S.D. Fla. 2008) (taking judicial notice of electronically printed receipts that contained credit card expiration dates "because Plaintiff refers to these three documents in his Amended Complaint and they are central to Plaintiffs claim").[1]

The *King* case is particularly instructive. In that case, the plaintiff asserted claims under the Fair and Accurate Credit Transaction Act ("FACA"), alleging that the defendant, in violation of FACA, printed a receipt that included "more than 4 digits of Plaintiff's credit card number or the expiration date." *King v. MovieTickets.com, Inc., 555 F.Supp.2d* at 1340. In considering a motion to dismiss, the court took judicial notice of the receipts at issue because, not only were the receipts referred to in the complaint, but whether certain information was printed on those receipts was "central to Plaintiffs claim." *Id*. at 1341 n.2.

The situation here is similar. Plaintiffs allege in their FAC that "Defendant Movie Studios do not disclose in a conspicuous manner on the outside packaging of the Movie Packages, the expiration date of the Digital Copies or even the fact that the Digital Copies will expire." (FAC ¶ 4.) The Studio Defendants are not asking the Court at this stage to consider the factual issues of whether the disclosures are "conspicuous." Rather, for purposes of the Motion to Dismiss and Motion to Strike Class Allegations, the mere existence of these disclosures is a critical issue. Therefore, it is appropriate for the Court to take judicial notice of the movie

---

[1] *Accord Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–80 (11th Cir. 1999) (recognizing the court's ability in a securities case to take judicial notice of relevant documents "for the purposes of determining what statements the documents contain and not to prove the truth of the documents contents").

packaging in its entirety and to consider what disclosures and statements are contained therein. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (Where claims were based "on the adequacy of [a] disclosure as well as documents actually alleged to contain inadequate or misleading statements," the court is "authorized at the motion to dismiss stage to take judicial notice . . . for the purpose of determining what statements the documents contain."); *Elhert v. Singer*, 245 F.3d 1313, 1317 n.4 (11th Cir. 2001) ("As the document is central to the complaint, and its contents are not in dispute, the text of the prospectus is properly considered by this Court.").[2]

## CONCLUSION

WHEREFORE, the Studio Defendants respectfully request that the Court take judicial notice of (i) true copy of the First Amended Complaint in Cooper v. Twentieth Century Fox Home Entm't, LLC, No. CV-11-8807 R PJWX (C.D. Cal. Dec. 9, 2011); (ii) the complete product packaging for each of the six (6) movie package referenced in Plaintiffs' First Amended Complaint; and (iii) the letter from Barry L. Davis, Esq., Thornton, Davis & Fein, P.A., dated February 29, 2012.

---

[2] The Court may take judicial notice on these same grounds of the letter from Barry L. Davis, Esq., of Thornton, Davis & Fein, P.A., dated February 29, 2012. Specifically, as it relates to the arguments set forth in the Motion to Dismiss, it is relevant to Plaintiffs' claims that the purported notice in this letter was provided just two days prior to the date the Plaintiffs filed the Complaint.

Dated: <u>April 30, 2012</u>                    Respectfully Submitted,

   /s/ Timothy A. Kolaya
HILARIE BASS
Florida Bar No. 334243
E-Mail: bassh@gtlaw.com
TIMOTHY A. KOLAYA
Florida Bar No. 056140
E-Mail: kolayat@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 Avenue of the Americas
(333 SE 2nd Avenue)
Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

and

JEFF E. SCOTT (*Pro Hac Vice*)
E-Mail: scottj@gtlaw.com
ROBERT J. HERINGTON (*Pro Hac Vice*)
E-Mail: herringtonr@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2101
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for Defendants Warner Bros. Entertainment Inc., New Line Cinema LLC, Sony Pictures Home Entertainment Inc., Universal City Studios LLC, and Universal Studios Home Entertainment LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Timothy A. Kolaya
TIMOTHY A. KOLAYA

## SERVICE LIST

Barry L. Davis, Esq.
davis@tdflaw.com
Nanci R. Schanerman
schanerman@tdflaw.com
THORNTON, DAVIS & FEIN, PA.
80 SW 8th Street, 29th Floor
Miami, Florida 33130
Telephone: (305) 446-2646

*Co-Counsel for Plaintiffs*

Scott A. Bursor, Esq.
scott@bursor.com
BURSOR & FISHER, P.A.
3595 Sheridan Street, Suite 206
Hollywood, Florida 33021
Telephone: (954) 239-0007

*Co-Counsel for Plaintiffs*

Christopher Marlborough, Esq.
cmarlborough@faruqilaw.com
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10063
Telephone: (212) 983-9330

*Co-Counsel for Plaintiffs*

Stanley H. Wakshlag, Esq.
swakshlag@kennynachwalter.com
Patrick G. Dempsey, Esq.
pdempsey@knpa.com
KENNY NACHWALTER, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000

*Counsel for Best Buy Co., Inc., Brandsmart USA of Florida, Inc., and Target Corporation*