UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case no. 1: 12-CV-20870-PAS

PAULINE MERL, *et al.*,

        Plaintiffs,

vs.

WARNER BROS. ENTERTAINMENT INC., *et al.*,

        Defendants.

___

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS Class Action Fairness Act case is before the Court on two motions. The first is the Motion to Dismiss Plaintiffs' First Amended Complaint [DE-22] filed by Defendants Warner Bros. Entertainment Inc., New Line Cinema LLC, Sony Pictures Home Entertainment Inc., Universal City Studios LLC, and Universal Studios Home Entertainment LLC's (collectively, the "Studio Defendants"). The second is the Studio Defendants' Motion to Strike Class Allegations in Plaintiffs' First Amended Complaint [DE-23].[1] Plaintiffs Pauline Merl, Scott Merl, and Richard J. Overton allege that the Studio Defendants' DVD and Blu-ray movie packages contained representations on the outside of the packaging that a Digital Copy of the movie was included with the purchase of the movie package. However, the Digital Copies were subject to expiration dates that were either not disclosed conspicuously on the outside of the movie packages, or were not disclosed at all. As a result, Plaintiffs were unable to access the Digital Copies because they had already expired when Plaintiffs tried to access them.[2]

___

[1] The Court granted the remaining Defendants' Motion to Adopt/Joint the Studio Defendants' Motion to Dismiss and Motion to Strike [DE-53]. The remaining Defendants are Brandsmart USA of Florida, Inc., Best Buy Stores, L.P., and Target Corporation, who will be collectively referred to as the "Retail Defendants."

[2] In the First Amended Class Action Complaint, Plaintiffs assert the following claims: violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.* (Count I); breach of express

The Studio Defendants moved to dismiss the Complaint under Federal Rule of Procedure 12(b)(6), on the grounds that information relating to the expiration of the Digital Copies was in fact disclosed on each of the movie packages that form the basis of Plaintiffs' claims. Having reviewed the motion to dismiss, Plaintiffs' Response [DE-31], Defendants' Reply [DE-35], Plaintiffs' Surreply [DE-45], and the judicially noticed documents [DE-24], the Court dismisses the First Amended Complaint with prejudice for failure to state a claim.

I.  **Background Facts**

Plaintiffs generally allege that they purchased Blu-ray or DVD movie packages produced by the Studio Defendants and sold by the Retail Defendants. *See* Compl., pp. 9-20. Each movie included a statement on the outside of the package that a Digital Copy [3] of the film was included with the purchase, when in fact the Digital Copy offer was subject to an expiration date. *Id.*, ¶¶ 30-31. According to the Complaint, these expiration dates were either not displayed at all on the outside of the movie packaging, or were displayed in print that was too small to discern. *Id.*, ¶ 4. Plaintiffs allege that they would not have bought the movies, for which they paid a premium price, had they known that the Digital Copy had expired or would expire. *See, e.g.*, Compl., ¶¶ 71, 82. The Complaint alleges that Plaintiffs Pauline and Scott Merl purchased three movie

---

warranty (Count II); unjust enrichment (Count III); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* (Count IV); breach of implied warranty of merchantability (Count V); and breach of implied warranty of fitness for a particular purpose (Count VI).

[3] A Digital Copy is a computer file of a movie that a user can transfer to a single computer or mobile device through the use of a unique code. Typically, a user accesses the Digital Copy through one of two means: (1) by transferring a file with the digital content from an enclosed DVD or Blu-ray disc to the user's computer; or (2) by downloading the content directly from a website provided by the manufacturer. Both forms of access generally require the user to enter the authorization code. Once the movie is on the user's computer, the user often has the option of transferring the Digital Copy to a mobile device. *See generally*, Digital Copy Frequently Asked Questions, http://digitalcopy.go.com/faq.html (last visited Jan. 21, 2013).

titles, and that Plaintiff Overton also purchased three movie titles. The Court summarizes these purchases *seriatim*.

### A. Pauline and Scott Merl's Purchases

Plaintiffs Pauline and Scott Merl bought copies of the movies *Get Him to The Greek*, *The Hangover* (DVD edition), and *Sex and the City*. Compl., ¶¶. 37-39.[4] Defendants submitted complete images of the movie packages for the titles Plaintiffs allegedly purchased, of which the Court has taken judicial notice.[5] The three Merl movie packages include the following language:

- *Get Him to the Greek*: The outer sleeve (known as the "o-sleeve") of this movie package includes a disclaimer on the **front** of the packaging below the notice stating that the Digital Copy "[e]xpires 9/30/11." *See* Ex. 1 to Decl. Of Pamela Blum ("Blum Decl [DE 24-3], at 2; Compl., p. 10). The **back** side of the Blu-Ray case has a band with the words "DIGITAL COPY: Simple, Fast, Portable"; in smaller print directly below these words is the following: "Transfer the included file to your iPad, iPod, Mac, or PC and Experience *Get Him to the Greek* Anywhere, Anytime!" *Id.*, at 11. The movie package also includes an **insert** with specific instructions on how to obtain the Digital Copy, including the condition that the "[c]ode that permits activation of the Digital Copy may not be valid after 9/30/11."

- *The Hangover* (DVD edition): This movie package includes a sticker on the bottom right corner of the **front** side of the package. *See* Ex. 3 to Declaration of Jennifer Jones ("Jones Decl.") [DE 24-8], p. 2, 4. The sticker indicates that a Digital Copy of the movie is included. *Id.* The qualifying language on this sticker provides that the "**[d]igital copy offer expires May 14, 2010.**" *Id.* (bold in original). The DVD movie package also contains an insert with this information. *Id.*, at 3. Specifically, at the very top of the insert card it states: "Digital Copy™ offer expires May 14, 2010." *Id.* In addition, below the space for the authorization code, there is a paragraph that states as follows: "**Terms**: Offer

---

[4] The Complaint includes images of these movie titles. *See, e.g.,* Compl., pp. 10-11.

[5] Because Plaintiffs refer to these movie packages throughout the Complaint, the movie packages are central to Plaintiffs' claims, and Plaintiffs do not oppose Defendants' request for judicial notice, the Court may take judicial notice of these documents and consider them part of the Complaint. *King v. MovieTickets.com, Inc.*, 555 F. Supp. 1339, 1341 n.2 (S.D. Fla. 2008). The judicially noticed documents are attached to the Studio Defendants' Request for Judicial Notice [DE-24].

3

expires May 14, 2010. Digital Copy offer is intended to be available for a limited time for discs purchased near initial release date as may be promoted on outside packaging." *Id.*

- *Sex and the City*: This movie package has a sticker booklet on the bottom **front** side of the package. *See* Ex. 1 to Jones Decl. [DE 24-6], p. 2. Additionally, the following words appear in capital letters: "GET A DIGITAL COPY OF THE FILM WITH THE PURCHASE OF THIS DISC. ADDITIONAL CHARGES APPLY. OPEN HERE FOR FULL DETAILS AND CONDITIONS." *Id.* Inside the booklet is language regarding these restrictions, including hardware and software restrictions as well as the expiration date for the Digital Copy: "Offer expires March 23, 2009." *Id.*, at 5. This expiration date also appears in the qualifying language of the **insert** to the DVD package. *Id.*, at 6.

### B. Overton's Purchases

Overton alleges that he purchased three Blu-Ray movie packages that included a Digital Copy: *The Hangover*, *Wanted*, and *District 9*. Compl., ¶¶ 40-43. However, he was unable to access the Digital Copies because they expired before the date he attempted to download them. *Id.* The images of the movie packages provided in the Complaint and the judicially noticed documents reveal the following:

- *The Hangover* (Blu-Ray edition): The movie package features a prominent band across the center of the **back** side of the o-sleeve with the words "Digital Copy" and "EASY, FAST AND PORTABLE." Compl., at 17; Ex. 2 to Jones Decl., at 2. Directly below these words on the same band are the words "Offer expires December 15, 2010." *Id.* The back of the box also includes a paragraph with various disclaimers. The words "Digital Copy" appear in bold towards the middle of the paragraph, followed by the following: "Includes Standard Definition Digital Copy™ of the theatrical version of the film with the purchase of this disc. Special features not included. **Offer expires December 15, 2010**. Restrictions and limitations apply; go to wbdigitalcopy.com/terms for details." *Id.* (bold in original). The **insert** to the movie package contains similar language: "Terms: Offer expires December 15, 2010. Digital Copy™ offer is intended to be available for a limited time for discs purchased near initial release date as may be promoted on outside packaging. Inclusion of these Digital Copy instructions does not guarantee availability of offer." *Id.*

- *Wanted*: The **front** side of the o-sleeve of this package includes a sticker with the words "Includes Digital Copy of the Film." Ex. 2 to Blum Decl., at 2. Directly below are the words "Expires 12/31/09." *Id.* The insert includes the relevant activation code and states: "Code that permits activation of Digital Copy may not be valid after 12/31/09." *Id.*, at 4.

- *District 9*: The **front** side of the o-sleeve of this package has a sticker in the bottom right corner stating: "Includes a Digital Copy for your PC, PSP, Mac, or Ipod." Immediately below are the words "See Back for Details and Expiration." Ex. 1 to Declaration to Steve Belmont ("Belmont Decl.") [DE 24-10], at 2. The images of the packaging included in the Complaint – which appear to be images of the o-sleeve for this title– show the same sticker with identical conditional language. Compl., at p. 19. The **back** side of both the o-sleeve and the packaging itself include the terms and conditions referenced in the front. Compl., at 20; Belmont Decl., at 3. The first of these terms, appearing in bold on the back of the packaging, states: "**Digital Copy must be redeemed by 12/29/10.**" *Id.* The **insert** also has a similar disclaimer, also in bold, directly below the instructions for downloading the Digital Copy. Belmont Decl., at 4.

## II.     Legal Standard

It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Twombly*, 550 U.S. at 556. To meet this "plausibility standard," a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009) (citing *Iqbal*, 129

5

S.Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). In reaching its decision, a court must consider not only the allegations in the Complaint itself, but also "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Moreover, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Court's duty to accept the facts in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Indeed, when a document considered part of a pleading "contradict[s] the general and conclusory allegations" of the pleading, the document governs. *Id.*

### III. Analysis

Plaintiffs' Magnuson-Moss, breach of express and implied warranties, and FDUTPA claims all depend on one common allegation: that Defendants deceived Plaintiffs into paying a premium price for the movies by representing that an accessible Digital Copy was included with purchase when in fact the Digital Copy had or would expire.[6] Plaintiffs generally allege that

---

[6] The Magnuson-Moss Act allows a private party to bring a cause of action in federal court for breach a written or implied warranty. *See* 15 U.S.C. § 2310(d)(1). To prove breach of express warranty, a plaintiff must show "[f]acts in respect to the creation of [a] particular warranty...." *Breakstone v. Caterpillar, Inc.*, 2010 WL 2164440, * 3 (S.D. Fla. May 26, 2010). Similarly, a claim for breach of implied warranty requires a showing that the product was being used in for its intended purpose at the time of the injury (in this case, that the intended purpose of

Defendants concealed this expiration information in one of two ways: "[e]ither they provide no disclosure about the expiration date at all on the outside packaging, or they bury the expiration information in extremely small and inconspicuous fine print that cannot be read by the naked eye." Compl., ¶ 4.

Defendants contend that, on the face of the relevant documents, Plaintiffs fail to state a claim because the expiration dates were disclosed for each of the titles they purchased. Moreover, Plaintiffs do not allege whether they reviewed the relevant expiration language, or that they were unable to do so because it was insufficiently conspicuous. In addition, Defendants allege that: 1) Defendant Scott Merl does not have standing to sue because he did not purchase any movie titles; 2) the FDUTPA claims were not pled with particularity; and 3) Plaintiffs' warranty claims are facially defective because Plaintiffs did not provide the requisite notice, there is no allegation in the complaint of an express or implied warranty that the Digital Copy would never expire, and there is no privity between the Studio Defendants and the Plaintiffs, who purchased the movie packages from different retailers. Lastly, Defendants argue that the unjust enrichment claim should be dismissed because Plaintiffs have not alleged that they do not have an adequate remedy at law.

For two of the six titles at issue – *The Hangover* (DVD Edition) and *Sex and the City* – Plaintiffs assert that the movie packages "contain[] no language indicating the expiration for the Digital Copy access code or that the Digital Copy will even expire." Compl., pp. 12, 14. For the remaining titles – *Get Him to the Greek*, *The Hangover* (Blu-Ray Edition), *Wanted*, and *District 9* – Plaintiffs omit this allegation. For the reasons set forth below, the Complaint must be dismissed with prejudice as to all six titles. However, because the analysis for these two groups

---

the specific movie package was to include an accessible Digital Copy). *Id.* Finally, a consumer claim under FDUTPA requires proof of "a deceptive act or unfair practice." *Id.*

varies slightly, the Court addresses each one separately.

### A.     *The Hangover* (DVD Edition) and *Sex and the City*.

A review of the judicially noticed images of the movie packages for *The Hangover* (DVD Edition) and *Sex and the City* reveals that the expiration information was clearly disclosed. The Digital Copy offer for *The Hangover* includes a sticker with the words "Includes Bonus Digital Copy." Directly below is a paragraph with the terms and conditions of the offer, including a statement, in bold font, that the "**Offer expires May 14, 2010**." Similarly, the *Sex and the City* movie package includes a booklet attached to the outside of the movie package with the words "Get a Digital Copy." Below these words in small all-caps font, it says: "GET A DIGITAL COPY OF THE FILM WITH THE PURCHASE OF THIS DISC. ADDITIONAL CHARGES APPLY. OPEN HERE FOR FULL DETAILS AND RESTRICTIONS." On the inside of the booklet, which a consumer can open without having to open or purchase the movie package, are Minimum System requirements and other terms of the Digital Copy offer, including the expiration date.

These disclosures, which appear on the outside, front portion of the movie packages, directly contradict Plaintiff's allegations, and establish that Defendants provided notice to consumers that: 1) a Digital Copy of the movie was included with the movie title, and 2) the Digital Copy was subject to an expiration date. Therefore, Plaintiffs' claim that Defendants warranted that a Digital Copy was included in the movie package, without providing the expiration information, is belied by the judicially noticed movie packages, which are controlling. *Griffin Industries, Inc.*, 496 F.3d at 1205-06. Accordingly, all claims based on Plaintiffs' purchase of *The Hangover* (DVD Edition) and *Sex and the City* DVDs are dismissed with

prejudice.[7]

### B. *Get Him to the Greek*, *The Hangover* (Blu-Ray Edition), *Wanted*, and *District 9*.

According to Plaintiffs, Defendants represented that these movie packages included accessible Digital Copies with purchase, when in fact the Digital Copy codes expire or would expire in the near future. *See* Compl., ¶¶ 60, 67, 92, 96. Although the Complaint alleges generally that the expiration language was buried in small print (*see* Compl., ¶ 4), no such allegation is made as to the *Get Him to the Greek*, *The Hangover*, *Wanted*, or *District 9* titles. Put simply, the judicially noticed documents establish both that a Digital Copy of these movies was included with the movie package, and that this Digital Copy would expire. Plaintiffs do not allege any facts showing that they reviewed these disclosures, or if they did not, why they were unable to do so.

Furthermore, even if Plaintiffs had included these allegations, the Complaint must be dismissed with prejudice because the expiration information was conspicuous and was not "buried" in small print. The front of the movie packages for *Get Him to the Greek* and *Wanted* plainly show the expiration date on the sticker directly below the Digital Copy offer. Similarly, although the *District 9* package does not provide the exact expiration date on the front of the case, it includes a statement, in capital letters, that the Digital Copy is subject to expiration and

---

[7] Notably, for both the *Hangover* and *Sex and the City* titles, Plaintiffs provide only the back of the packaging. Conspicuously missing are the images of the front portions with the relevant Digital Copy sticker. This omission is of particular significance because the warranty claims hinge on Plaintiffs having understood at the time they purchased the movies that a Digital Copy of the specific film was included. Defendants suggest that "[t]he likely reason for this conspicuous omission is that the front of the package does not mention the Digital Copy offer at all, other than on a sticker, which also discloses the expiration date of the offer. If the Merls purchased *The Hangover* and/or *Sex and The City* without the sticker on the front, their claims must be dismissed for an additional reason: these purchases did not involve a Digital Copy." [DE-22, at 2, n. 1]. The Court agrees.

directs the buyer to the back of the case for further details, such as the expiration date. *The Hangover* (Blu-Ray Edition) includes a prominent band across the back of the movie's o-case with the words "Digital Copy." Directly below, in an easily readable font type and size, are the words "Offer expires October 15, 2010."

In summary, these titles contain disclosures on the outside of the package which either: (1) provide the expiration date (as is the case with *Get Him to the Greek*, *The Hangover* (Blu-Ray Edition), and *Wanted*); or (2) in the case of *District 9*, provide notice that the Digital Copy is subject to expiration and direct the consumer to the relevant terms and conditions on the back of the movie package. Contrary to Plaintiffs' assertions, the expiration information is not in ultra-fine print, nor is it otherwise buried in a lengthy disclosure paragraph. As such, Plaintiffs' allegations fail to state a claim.

### C. Plaintiffs' Response that the Expiration Language is Ambiguous Does Not Save the Complaint.

In their Response, Plaintiffs present a new theory – that the expiration language in the movie packages was ambiguous. Essentially, Plaintiffs argue that the "offer expires" language on the movie packaging is best interpreted to mean that a customer must buy the movie package prior to the expiration date in order to be able to activate the Digital Copy, and *not*, as was the case with these movie packages, that the Digital Copy must be activated by the expiration date. *See* Pls.' Resp., at 4. Plaintiffs assert that if the Court were to interpret the expiration language as referring to the date in which the Digital Copy was to be activated, it would be impermissibly "adding additional terms" to the contract. *Id.* at 4. Plaintiffs also allege that, in any event, the expiration language must be interpreted in Plaintiffs' favor as the non-drafting party. Plaintiffs conclude that under their interpretation of the expiration language, Plaintiffs purchased the movie

10

packages before the expiration date, and that Defendants breached the warranty "by not providing the Digital Copy as boldly advertised" on the movie packages. *Id.* at 5.

Plaintiffs' theory fails for the following reasons. First, the Complaint contains no allegation that the expiration language was ambiguous and should be interpreted in Plaintiffs' favor, and Plaintiffs "cannot amend the Complaint in [a] brief in opposition to a motion to dismiss." *Ashmore v. F.A.A.*, 2011 WL 3915752, *4 (S.D. Fla., Sept. 4, 2011) (internal quotations and citations omitted). Second, even if the Court were to accept that the terms of the expiration language as Plaintiffs describe them were ambiguous, this theory would not apply to the Universal (*Get Him to the Greek*; *Wanted*) or Sony (*District 9*) titles. The sticker on the bottom left of the front of the *Get Him to the Greek* and *Wanted* movie packages states: "Also Includes Digital Copy – Expires" followed by the expiration date. Similarly, the sticker on the front of the *District 9* movie package reads "Includes a Digital Copy," followed by an asterisk directing customers to the back of the package "for details and expiration" information. The paragraph on the back of the package with the disclaimer information provides that the "Digital Copy must be redeemed by 12/29/10." This unambiguous language clearly indicates that the expiration pertains to the copy's activation date, and not to the date of purchase.

The Complaint's final flaw is the lack of any factual allegations that Plaintiffs purchased the movie packages prior to the expiration date. No date of purchase is provided for any of the movie packages, and the Complaint does not allege that the purchases were made before the Digital Copies expired. In order for Plaintiffs' newest theory to survive, a customer must have: 1) viewed the "offer expires" language; 2) interpreted the language to refer to the purchase date rather than the date in which the Digital Copy was activated; 3) bought the movie prior to the

expiration date; and 4) attempted, unsuccessfully, to redeem the Digital Copy after the expiration date. The Complaint includes no such facts; thus, Plaintiffs' new theory to save the breach of express and implied warranty and statutory claims fails as well.

### D. The Unjust Enrichment Claim Fails.

Plaintiffs' final claim is for unjust enrichment. Under Florida law, the elements of an unjust enrichment claim are "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Nautica Int'l, Inc. v. Intermarine USA, LP.*, 5 F.Supp.2d 1333, 1341–42 (S.D.Fla.1998). Unjust enrichment is equitable in nature. As such, it "is not available where there is an adequate legal remedy." *Id.* A party may not maintain an action for unjust enrichment if the damages sought are covered by an express contract. *Anthony Distributors, Inc. v. Miller Brewing Co.*, 904 F. Supp. 1363, 1368 (M.D.Fla.1995) (dismissing unjust enrichment claim where damages sought were not distinct from damages from alleged breach of contract).

Here, Plaintiffs fail to plead unjust enrichment in Count III. The alleged misstatements in the movie packages are the basis for Plaintiffs' unjust enrichment claim as well as the warranty-based claims. The unjust enrichment claim arises out of Defendants' alleged failure to provide the movie packages as warranted, and the damages pled under unjust enrichment are not distinct from those pled under express warranty.

Thus, without determining whether Defendants have breached any express or implied warranties, the Court concludes that Plaintiffs have an available contractual remedy through the breach of express warranty claim. Plaintiffs fail to allege that this contractual remedy is inadequate, as required to state a claim for unjust enrichment. *See Wilson v. De Angelis*, 156

F.Supp.2d 1335, 1341 (S.D.Fla.2001) (denying motion to dismiss unjust enrichment claim because plaintiff alleged "no adequate legal remedy exists to compensate Plaintiff."). The Court therefore dismisses Plaintiffs' unjust enrichment claim with prejudice.

## IV. Conclusion

For the reasons outlined above, it is

ORDERED that

1. Defendants' Motion to Dismiss First Amended Complaint [DE-22] is GRANTED.

2. The First Amended Class Action Complaint [DE-13] is DISMISSED with prejudice.

3. Defendants' Motion to Strike the Class Allegations in Plaintiffs' First Amended Complaint [DE-23] is DENIED as MOOT.[8]

4. Defendants' Request for Hearing on Motion to Dismiss and Motion to Strike [DE-25] is DENIED as MOOT.

5. Any other pending motions not ruled upon are DENIED as MOOT.

6. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 23rd day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record

---

[8] Given that the dismissal of the Amended Complaint is with prejudice, the motion to strike is now moot. However, assuming the Court had not granted the motion to dismiss, the points raised in Defendants' motion are well-taken.

13